IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 08-22904-CIV-GRAHAM/TORRES

ZIAD HAUHARI,

    Plaintiff,

vs.

WACHOVIA CORPORATION,

    Defendant.
_____/

### DEFENDANT WACHOVIA BANK N.A.'S MOTION FOR SANCTIONS

Pursuant to Rule 37 and Rule 41 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, Wachovia Bank, N.A., erroneously identified in the Complaint as Wachovia Corporation ("Wachovia,") by and through its undersigned counsel, moves the Court for the entry of an Order dismissing the Third Amended Complaint ("Complaint") filed by Plaintiff Ziad Hauhari ("Plaintiff" or "Hauhari") as a sanction for Plaintiff's failure to appear at his properly noticed deposition in this matter on August 10, 2009.

    **I.**    **PROCEDURAL HISTORY AND BACKGROUND**

1.    Plaintiff's Original Complaint in this matter was filed on October 21, 2008.

2.    On March 2, 2009, the Court, in its Scheduling Order, entered a deadline to complete all discovery by August 10, 2009 and an August 17, 2009 deadline for all pretrial motions and memoranda [D.E. # 25].

3.    Additionally, on March 2, 2009 the Court, ordered the parties to schedule mediation in this matter [D.E. # 26]. The parties complied and submitted a March 19, 2009

Notice of Scheduling Time and Place of Mediation [D.E. # 32] which indicated that the parties had scheduled mediation for September 10, 2009.

4. On May 27, 2009, Plaintiff was granted leave of Court to file a Third Amended Complaint outside of the original deadline to file amended pleadings. Accordingly, Plaintiff's Third Amended Complaint[1] was filed on May 27, 2009 [D.E. # 48].

5. Wachovia's Motion to Dismiss Plaintiff's Third Amended Complaint was filed on June 12, 2009 [D.E. # 50]. Wachovia's Motion to Dismiss directed to Plaintiff's Third Amended Complaint is fully briefed and remains pending.

6. Counsel for Wachovia was not inclined to depose Plaintiff until it understood the legal theories upon which it was being sued so that the appropriate inquires could be formulated. However, realizing that the August 10, 2009 deadline was approaching and despite the pendency of the Motion to Dismiss the Third Amended Complaint, Wachovia's counsel began requesting deposition dates in early July 2009 (a couple of weeks after filing the present Motion to Dismiss).

7. Receiving no response, on July 14, 2009, counsel for Wachovia sent correspondence to Plaintiff's counsel again requesting deposition dates for the Plaintiff's deposition and followed up by telephone again on July 20, 2009.

8. For the first time, on July 22, 2009, counsel for Plaintiff communicated that Plaintiff, who is not a resident or citizen of this county, was traveling and he would not produce him prior to the close of discovery.

---

[1] Plaintiff, in response to Wachovia's Motion to Dismiss Complaint, filed an Amended Complaint [D.E. #12] on December 8, 2008. On January 2, 2009, this Court entered an Order [D.E. #15] directing Plaintiff to file an appropriate Amended Complaint. As a result, Plaintiff, on January 20, 2009, filed his Second Amended Complaint [D.E. #18]. In response to Wachovia's Motion to Dismiss Second Amended Complaint, on May 13, 2009, Plaintiff sought leave to amend his Complaint for a fourth time.

9. Accordingly, due to the fact that the discovery deadline in this matter was August 10, 2009 and because Plaintiff's counsel would not provide a deposition date within the Court ordered discovery period, on July 27, 2009, counsel for Wachovia unilaterally scheduled Plaintiff's deposition for August 10, 2009.

10. Wachovia scheduled Plaintiff's deposition for August 10th because Wachovia did not want to be in violation of this Court's Scheduling Order and also needed Plaintiff's deposition to prepare its pretrial motions/memorandums, mediation and for its trial defense.

11. On July 31, 2009, Plaintiff filed a Motion for Extension of Time [D.E. # 54] and requested an order extending discovery, only, until September 1, 2009 because Plaintiff was in China until at least August 23, 2009 and unavailable for his deposition on August 10, 2009.

12. Wachovia filed its Memorandum of Law in Opposition to Plaintiff's Motion for Extension of Time [D.E. # 57] and objected to Plaintiff's Motion for Extension of Time primarily because Plaintiff's Motion ignored the other Court imposed deadlines including the pre-trial and trial deadlines.

13. On August 4, 2009, this Court entered an Order [D.E. #9] denying Plaintiff's Motion for Extension of Time and noted that "Plaintiff has chosen this forum, was aware of the relevant deadlines and, prior to arranging for travel out of the country, could have foreseen that his deposition would have to be completed by the discovery deadline in this cause."

14. Counsel for Plaintiff alerted counsel for Wachovia on Friday, August 7, 2009, in the late afternoon, that Plaintiff would not appear for his deposition on Monday, August 10, 2009 so that Wachovia's counsel could cancel the court reporter and interpreter.

15. Plaintiff did not appear for his August 10th deposition.

16. Plaintiff's failure to appear for his deposition has prejudiced Wachovia's ability to prepare an adequate defense for trial and to meaningfully participate in mediation.

17. Accordingly, Wachovia respectfully requests that this Court enter an Order dismissing this matter, with prejudice, as a sanction for Plaintiff's failure to appear for his deposition.

## II. MEMORANDUM OF LAW

Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal with prejudice "if the plaintiff fails . . . to comply with these rules or a court order . . . ." FED. R. CIV. P. 41(b).

Rule 37(d)(1)(A) provides:

> Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent-or a person designated under Rule 30(b)(6) or 31(a)(4)-fails, after being served with proper notice, to appear for that person's deposition.

Subsection (2) states:

> *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Finally, subsection (3) provides:

> *Type of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified.

FED. R. CIV. P. 37(d)(2).

For several reasons, Plaintiff's willful failure to appear for his deposition is legally unjustified and inexcusable. First, Plaintiff, as the Court noted, should have been aware that his deposition would need to be completed by the Court imposed discovery deadline of August 10, 2009 and therefore should have made himself available. Second, Plaintiff clearly was on notice that attendance at the August 10, 2009 deposition was required upon receipt of the Court's August 4th Order denying Plaintiff's Motion for an Extension of Time. Second, if Plaintiff felt he had a legitimate ground to object to the properly noticed August 10th deposition, his recourse was to file a motion for protective order which he did not do. See FED. R. CIV. P. 37(d)(2). The rules forbid a party to do what Plaintiff has done, namely to ignore a notice of taking deposition and to simply fail to appear for his deposition.

Wachovia has been prejudiced by Plaintiff's failure to attend his deposition in that Wachovia is unable to fully prepare for trial in this matter without Plaintiff's deposition testimony. Nor can Wachovia prepare for a meaningful mediation which is scheduled for September 10, 2009. As a result, the only sanction that will remedy Plaintiff's failure to attend his deposition is dismissal of this matter with prejudice.

While "[d]ismissal with prejudice is the most severe Rule 37 sanction" it "may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault" Clark v. Keen, 2009 WL 179674 at *4 (M.D. Fla. 2009) citing Phipps v. Blakney, 8 F.3d 788, 790 (11th Cir. 1993). In Keen, the plaintiffs knew that the defendants had the right to take their deposition as party opponents. Keen, 2009 WL 179674 at *4. The Keen plaintiffs did not argue that they did not receive proper notice of their depositions, nor did they argue that they proposed alternative deposition dates prior to the close of discovery, nor that they sought a protective order from the court or that they were truly unavailable for the deposition date set by counsel. Id. at

*5. Accordingly, the Keen court found that the plaintiffs were required to submit to their properly noticed depositions, that their failure to do so was willful and therefore dismissal with prejudice was the only remedy that was appropriate. Id. Similarly, in this matter: (1) Plaintiff was aware that Wachovia had a right to take his deposition; (2) Plaintiff's deposition was properly noticed: (3) Plaintiff did not offer another deposition date prior to the close of discovery; (4) Plaintiff did not seek a protective order from the Court; and (5) Plaintiff did not demonstrate that he was truly unavailable for his deposition.[2] Accordingly, like Keen, Plaintiff's failure to appear for his deposition was a "willful refusal to do something" which Plaintiff knew he had an obligation to do and was implicitly forewarned by the Court in its August 4, 2009 Order to fulfill that obligation on August 10th.

Plaintiff's failure to appear for his deposition prejudices Wachovia's ability to prepare its trial defense. Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 573 (S.D. Fla. 2001) (a finding of prejudice is an important component of a decision to sanction a party with dismissal). Furthermore, there is no lesser sanction that would cure the prejudice to Wachovia. Id. Plaintiff's failure to appear for his deposition has "seriously impacted" Wachovia's ability to effectively prepare for trial. Id. As a result, this Court should dismiss this matter with prejudice as the only appropriate remedy.[3]

---

[2] Plaintiff's deposition was noticed on July 27, 2009 which provided more than sufficient time for Plaintiff to make arrangements to appear for his deposition. Although Plaintiff has previously indicated that he was in China for business until August 23, 2009, there is no reason that he could not travel from China to the United States of America for his deposition on August 10th. Moreover, on August 10, 2009, Plaintiff's counsel advised that Plaintiff was now in Dubai and not China.

[3] Wachovia believes that the only appropriate remedy for Plaintiff's failure to appear for his deposition is dismissal with prejudice. However, to the extent this Court elects to punish Plaintiff's failure with a lesser sanction, Wachovia suggests that this Court strike Plaintiff as a trial witness in this matter.

### III.   CONCLUSION

Wachovia requests that the Court dismiss Plaintiff's Third Amended Complaint under Federal Rule of Civil Procedure 37(a)(v) and Rule 41(b). Alternatively, Wachovia requests that the Court grant Wachovia's pending Motion to Dismiss.

Respectfully submitted,

*/s/ Dori K. Stibolt*
Amy S. Rubin
Florida Bar Number: 476048
Amy.Rubin@ruden.com
Dori K. Stibolt
Florida Bar Number: 183611
Dori.Stibolt@ruden.com
RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
561-838-4500(ph)
561-514-3408(fax)

*Attorneys for Defendant Wachovia Bank, N.A.*

### CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Dori K. Stibolt*

*Hauhari v. Wachovia Corporation*
Case No.: 08-22904-CIV-GRAHAM/TORRES

## SERVICE LIST

*United States District Court*
*Southern District of Florida*
*Case No. 08-22904-CIV-GRAHAM/TORRES*

Amy S. Rubin
Dori K. Stibolt
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 838-4500
Facsimile: (561) 514-3447
*amy.rubin@ruden.com*
*dori.stibolt@ruden.com*

*Attorneys for Wachovia Bank, N.A.*

Robert J. Hanreck
Robert J. Hanreck, P.A.
Latitude One, Suite 1514
175 Southwest 7th Street
Miami, Florida 33132
Telephone: (786) 539-4935
Facsimile: (786) 879-8623
*rhanreck@hanreck.com*

*Attorneys for Plaintiff*

RM:6697899:1